UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rose Soto, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br><br><br>       -v.-<br>Midland Credit Management, Inc.,<br>Midland Funding, LLC,<br><br>                         Defendant(s). | Civil Action No: 2:21-cv-5110<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rose Soto (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Midland Credit Management, Inc. (hereinafter, "Defendant MCM") and Defendant Midland Funding, LLC (hereinafter, "Defendant Midland Funding") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Nassau.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at Corporation Service Company, 80 State Street, Albany, NY, 12207.

9. Upon information and belief, Defendant MCM is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Midland Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at Corporation Service Company, 80 State Street, Albany, NY, 12207.

11. Upon information and belief, Defendant Midland Funding is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of New York;
    b. to whom Defendant MCM sent a collection letter attempting to collect a debt;
    c. on behalf of Defendant Midland Funding;
    d. whereby the statute of limitations to bring a lawsuit for the debt had passed;
    e. that failed to include any information informing the consumer to this fact;
    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

3

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to August 10, 2021, on a date better known by Defendants, an obligation was allegedly incurred to the original creditor, Comenity Capital Bank.

23. The subject obligation arose out of consumer services. The subject debt was incurred by Plaintiff solely for personal, household or family purposes, specifically consumer purchases associated with a Modells MVP Visa Credit Card.

24. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Upon information and belief, Comenity Capital Bank transferred the defaulted debt to Defendant Midland Funding for the purpose of debt collection. Therefore, Defendant Midland Funding is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

27. Upon information and belief, Defendant Midland Funding contracted Defendant MCM for the purpose of collecting the subject debt. Therefore, Defendant MCM is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

28. Defendant Midland Funding has policies and procedures in place that govern Defendant MCM's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Midland Funding's control over Defendant MCM's collection practices.

29. By virtue of the relationship between the two Defendants, Defendant Midland Funding exercised control over Defendant MCM while the latter was engaged in collecting the subject debt on behalf of the former.

30. Therefore, Defendant Midland Funding should be held vicariously liable for any and all violations committed by Defendant MCM.

31. Defendants both use the instrumentalities of interstate commerce or the mails in their businesses, the principal purpose of which is the collection of debts. Defendants also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendants are both "debt collectors" as defined by 15 U.S.C.§ 1692a(6).

*Violation – August 10, 2021 Collection Letter*

32. On or about August 10, 2021, Defendant sent the Plaintiff a collection letter regarding the debt originally owed to Comenity Capital Bank. (See "Letter" attached as Exhibit A.)

33. Towards the top of the Letter, it states: "Current Balance: $1,226.99"

34. In the body of the Letter, it states, in relevant part: "Let's put this debt behind you. Visit MidlandCredit.com, or call 877-875-5578 today, to pay of your account…"

35. A pay slip is attached on the bottom of the page.

36. Upon information and belief, Plaintiff defaulted on this debt on October 23, 2016.

37. As of the date of the Letter, the statute of limitations to bring a lawsuit had already run.

38. The "borrowing statute", CPLR 202, a procedural law, provides as follows: ... When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.

39. New York adopts another jurisdiction's statute of limitations when the statute of limitations of the state in which the claim accrues is shorter than New York's statute of limitations.

40. The statute of limitations in New York allowing creditors and debt collectors to file a lawsuit, in connection with contractual obligations or liabilities, against a debtor is six years. (NY CLS CPLR § 213).

41. Comenity Capital Bank is owned by a parent organization called Alliance Data Systems Corporation.

42. Alliance Data Systems Corporation is incorporated in the state of Delaware.

43. Delaware has a three year statute of limitations for collecting on debts, pursuant to Title 10, Sec. 8106.

44. Specifically, Sec. 8106 states, in relevant part: "no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations…shall be brought after the expiration of 3 years from the accruing of the cause of such action…"

45. Pursuant to NY CPLR 202, Delaware's 3-year statute of limitations is controlling.

46. Defendants are no longer able to bring a lawsuit against Plaintiff for the subject debt as of October 23, 2019, three years after the date of default.

47. However, Defendants failed to inform the Plaintiff consumer that the subject debt was no longer subject to a lawsuit as of the date of the Letter.

48. Additionally, the Defendants demanded payment of the debt, which would have revived the earlier debts and restarted the statute of limitations if Plaintiff had repaid any portion of the debt.

49. Defendants failed to disclose the fact that repayment would restart the statute of limitations.

50. The Plaintiff was left confused as to the status of the subject debt.

51. These violations by Defendants were unconscionable, knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

52. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53. Defendants' deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

54. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letter to her detriment.

55. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

56. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

57. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

58. Now, consumers have a right to receive notice that a debt collector is no longer able to bring a lawsuit against the consumer for the debt.

59. A debt collector must advise consumers that repaying a time-barred debt could restart the statutory period within which the debt collector is able to sue.

60. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

61. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

63. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

64. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. Defendants violated §1692e:

    a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

    b. By making a false and misleading representation/omissions in violation of §1692e(10).

66. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Rose Soto, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management, Inc. and Defendant Midland Funding, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:  September 14, 2021                         Respectfully Submitted,

**Stein Saks, PLLC**
/s/ Tamir Saland
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ, 07601
P. (201) 282-6500
tsaland@steinsakslegal.com
*Counsel for Plaintiff*